UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FASTRIP, INC., et al.                                                                        PLAINTIFFS

v.                                                                     CIVIL ACTION NO. 3:07CV-66-S

CSX CORPORATION, et al.                                                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, CSX Corporation, to dismiss the First Amended Class Action Complaint[1] (DN 31) pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.[2]

This matter arose from the January 16, 2007 train derailment and chemical spill near Shepherdsville, Kentucky. The plaintiffs, two corporations and three individuals, have filed suit alleging personal injury and property damage under theories of negligence, strict liability, nuisance, and trespass. They also claim to represent the interests of others and plan to seek class certification in this matter.

The amended complaint alleges that "Defendant CSX Corporation is licensed and doing business in Kentucky, with its principal place of business in the State of Florida. It owns and operates CSX Transportation, Inc." Amended Complaint, ¶ 15. These are the sole jurisdictional allegations against CSX Corporation.

---

[1] CSX Corporation filed an earlier motion to dismiss (DN 3) which is now moot in light of the filing of the amended complaint and the present motion to dismiss.

[2] The motion seeks alternatively to dismiss for improper process, improper service of process, and for failure to state a claim upon which relief may be granted. As we find that there is no personal jurisdiction over CSX Corporation, we need not address the matters of process and service of process. CSX Transportation, Inc. has filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted which raises the same challenges to the amended complaint as those made by CSX Corporation. Should the court's decision on personal jurisdiction be found to be in error, the decision of the court on CSX Transportation's motion applies equally to the motion of CSX Corporation.


CSX Corporation has submitted two affidavits of Nathan D. Goldman, its Assistant Corporate Secretary, who declares that CSX Corporation (1) is not and has not ever been a Kentucky corporate citizen, (2) was incorporated under the laws of the Commonwealth of Virginia and has its principal place of business in Florida, (3) CSX is not licensed to do business in Kentucky, (4) is a holding company who owns various subsidiaries, including CSX Transportation, Inc., (5) is not and never has been a common carrier railroad, and does not own locomotives, rail cars, track, roadbed, or any other railroad equipment, (6) does not and has not constructed, maintained or operated trains, railroad equipment, or track, and (7) does not and has not had an office, officers, employees, registered agent, telephone listing, bank account, mailing address, assets or property in Kentucky.

Based upon these affidavits, CSX Corporation seeks dismissal of the complaint as to it on the ground that it did not possess minimum contacts with Kentucky which would satisfy the requirements for the assertion of long-arm jurisdiction over it. We apply the law of Kentucky when determining in a diversity case whether personal jurisdiction exists of a non-resident defendant. *Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991). The plaintiffs bear the burden of establishing that jurisdiction exists. *Id.* The court is required to consider the pleading and affidavits in the light most favorable to the plaintiffs. *Market/Media Research, Inc. v. Union-Tribune Publishing Company*, 951 F.2d 102 (6th Cir. 1991), *citing, American Greeting Corp. v. Cohn*, 839 F.2d 1164 (6th Cir. 1988); *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). The court has discretion to determine whether the jurisdictional issue may be decided on written submissions. *Serras v. First Tennessee Bank National Association*, 875 F.2d 1212 (6th Cir. 1989). If the court rules on written submissions alone, the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise, specific facts showing that the court has jurisdiction. *Id.* at 1214, *quoting, Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). The plaintiffs' burden is merely to

- 3 -

make a *prima facie* showing that personal jurisdiction exits to defeat a 12(b)(2) motion. *Welsh,* 631 F.2d at 438.

The plaintiffs have come forward with nothing to support their assertion of personal jurisdiction over CSX Corporation in this case. They have shown nothing to establish that the suit either arises out of or is related to CSX Corporations's contacts with the forum, or that CSX Corporation has continuous and systematic contacts with Kentucky to justify the exercise of general jurisdiction over it in this instance. *See, Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147 (6th Cir. 1997). The affidavits of Goldman directly refute the allegations that it is licensed in Kentucky and doing business in Kentucky. As the plaintiffs have failed to controvert the Goldman affidavits, but rather simply rest on these statements, there is nothing on which to base a finding that CSX Corporation has the requisite minimum contacts with Kentucky upon which to premise a finding of personal jurisdiction.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, CSX Corporation, to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)(DN 31) is **GRANTED** and the First Amended Class Action Complaint is **DISMISSED AS TO IT.**

**IT IS SO ORDERED.**