UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FASTRIP, INC., et al.                                                                                    PLAINTIFFS

v.                                                                                    CIVIL ACTION NO. 3:07CV-66-S

CSX CORPORATION, et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, CSX Transportation, Inc. ("CSXT"), to dismiss the complaint for failure to state a claim upon which relief may be granted. (DN 32). CSXT has also filed a motion for leave to supplement its motion in light of the recent case of *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955 (2007) addressing the standard for the sufficiency of pleadings under a Fed.R.Civ.P. 12(b)(6) analysis (DN 47). The plaintiffs do not object to the motion to supplement. The motion will therefore be **GRANTED.**

The plaintiffs have filed a First Amended Class Action Complaint and have opposed the motion to dismiss, urging the notice pleading standard of Fed.R.Civ.P. 8(a).

The amended complaint appears to address some of the bases for dismissal raised by CSXT. It contains specific allegations of actual, physical injury to named plaintiffs and injury to certain plaintiffs' business interests. Even under an arguably more stringent pleading standard established by *Twombly*, these allegations now sufficiently allege actual injury. *Twombly* held "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

There are no specific allegations with respect to the property damage claims, however. No damage to real or personal property is alleged with respect to any of the named plaintiffs. At best, it is alleged that due to the emanation of a toxic plume, some individuals were evacuated from their homes for an undisclosed period of time. Under the common facts section, the complaint states generally that "a deadly plume of toxic chemicals, and the by-products of the combustion of chemicals" was "released," and that "tank cars emitted toxic fumes from the site of the derailment into the air, released toxic gas and fluids into the ground, streams and water table surrounding the site, causing damages to persons, property, plants and animals in its path...As a direct result of the release, and its aftermath, Plaintiffs and the Class of persons Plaintiffs represent, have suffered damages in the past and/or into the foreseeable future." Amended Complaint, ¶ 14, 24, 25.

While *Twombly* does not require "heightened fact pleading of specifics," *Id* at 1974, it does require factual allegations which are "enough to raise a right to relief above the speculative level...'The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.'...Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's bare averment that he wants relief and is entitled to it.'" *Id.* at 1965. As there are no specific facts alleged concerning any injury to real or personal property, these claims are deficient under the *Twombly* standard.

In light of the fact that the complaint was amended and its content defended prior to the issuance of the *Twombly* decision, the court will permit the plaintiffs to amend their complaint to conform to the more stringent pleading requirements enunciated in that decision. In fact, the defendants seek a more definite statement as an alternative form of relief to dismissal of the claims.

- 3 -

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, CSX Transportation, Inc., for leave to supplement its motion to dismiss (DN 47) is **GRANTED**.  The motion of CSX Transportation, Inc. to dismiss (DN 32) is **DENIED**.  The plaintiffs, Fastrip, Inc., et al., shall have **fourteen (14) days from the date of entry of this order** in which to **FILE A SECOND AMENDED COMPLAINT.**

**IT IS SO ORDERED.**